IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FOURTH DIVISION
CASE NUMBER: 4:14-cv-00062-RBH

| | |
|---|---|
| CURTIS DOLFORD )<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADRIAN SHAW, Individually and )<br>as employee/agent of WILLARD )<br>LOCKLEAR TRUCKING, LLC; )<br>and WILLARD LOCKLEAR )<br>TRUCKING, LLC )<br>Defendants. ) | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFEDANT WILLARD LOCKLEAR TRUCKING, LLC'S MOTION *IN LIMINE*** |

Plaintiff, Curtis Dolford, (hereinafter "Plaintiff" or "Mr. Dolford), by and through counsel, hereby submits this Memorandum in Opposition to Defendant Willard Locklear Trucking, LLC's ("Defendant Locklear" or "Locklear") December 12, 2014, Motion in Limine ("Motion").

## FACTS

This action arises from an automobile wreck that occurred on January 31, 2013, in Darlington County, South Carolina. Plaintiff was traveling in a 1989 Lincoln sedan being driven and owned by Brent O'Neal. A third occupant, Maurice Dolford, was also in the vehicle. Defendant Adrian Shaw was driving a 1999 Mack dump truck owned by Defendant Willard Locklear Trucking, LLC (hereinafter "Locklear"). Defendant Shaw crossed the center line of U.S. Highway 17 and struck Plaintiff's vehicle head-on causing significant injuries to all three occupants, Plaintiff, Maurice Dolford, and Brent O'Neal. Lance corporal C.A. Bostic, a South Carolina Highway Patrol officer, investigated the incident. As a result of his investigation,

1

Officer Bostic wrote a report, and issued a traffic citation to Defendant Shaw.

Specifically, traffic conditions were heavy and the speed limit was only 45 mph. Still, Mr. Shaw chose to drive at an excessive rate of speed, and to not keep a proper look out, endangering the lives of everyone in his path. Plaintiff, Curtis Dolford sustained serious injuries due to the Defendants' negligence, and was rushed via helicopter to Richland Memorial Hospital where he was placed in the ICU and treated for several life-threatening injuries, including multiple bone fractures, hemorrhaging, contusions, open wounds, and several abrasions across his body, neck, face, and scalp. These severe injuries forced Plaintiff to remain under intensive care for several months in the hospital. He still experiences intense pain to this day, and will continue to experience pain for the foreseeable future.

Plaintiff asserts a negligence claim against Defendant Shaw for causing the incident that is the subject of this action. Plaintiff also asserts that Defendant Locklear is liable for Shaw's Action under the doctrine of *respondeat superior*, and further alleges a separate negligence claim against Defendant Locklear for negligent hiring and entrustment. Defendant Locklear does not contest liability for the underlying incident. See <u>Defendant Willard Locklear Trucking, LLC'S Motion in Limine</u>, cv. action no.: 4:14-cv-00062-RBH, at 2 (Dec. 12, 2014).

## **ARGUMENT**

Defendant Locklear's Motion seeks to exclude from trial crucial evidence about certain aspects of the investigation of the incident at issue in this case, Defendant Adrian Shaw's actions and involvement in this incident, and Mr. Dolford's damages following the incident and in the future. This evidence is central to determining liability as well as actual damages and punitive damages in this case. None of the evidence Defendant Locklear proposes to exclude is subject to

any evidentiary privilege nor does any of it violate the Federal Rules of Evidence. As such, the evidence at issue should be admitted.

### I. The Accident Report, FR-10, and Lay Opinion Testimony From Officer Bostic Should Not Be Excluded.

The accident report and FR-10 issued by Officer Bostic should be admitted. Defendant argues that S.C. Code Ann § 56-5-1290 (which excludes reports required by Section 56-5-1260 to 56-5-1280 as evidence of negligence in an action for damages [paraphrasing]), is applicable here, and thus the accident report and FR-10 at issue should be excluded. However, in Reed v. Tiffin Motor Homes, Inc., 697 F.2d 1192 (4th Cir. 1982) (applying South Carolina law), the Fourth Circuit expressly confirmed that S.C. Code Ann. § 56-5-1290 is "***not*** binding upon a federal court." It can be induced from the Reed court's decision not to apply the South Carolina statute that the Court believed the statute to be procedural in nature and that as such, federal courts are not bound to apply the statue under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (holding that federal courts sitting in diversity apply the substantive law of the forum state and federal procedural law). Therefore, Plaintiff asserts that this court is not bound by S.C. Code Ann. § 56-5-1290 as Defendant contends, and should reasonably wait until trial to determine how the evidence and record will develop before ruling on this motion.

Finally, Officer Bostic's testimony should not be excluded. Officer Bostic can testify as to his direct observations of the facts surrounding the incident. State v. Kelly, 329 S.E.2d 442, 443 (1985); State v. McClinton, 217 S.E.2d 584 (1975). In addition, pursuant to FRE 701, Officer Bostic may give lay opinion testimony rationally based on his direct observations. As such, the Court should admit Officer Bostic's testimony for these limited purposes.

### II. Evidence and Testimony Regarding Defendant Shaw's Traffic Citation Should Not be Excluded.

Evidence and/or testimony regarding the traffic citation that Officer Bostic issued to Defendant Shaw as a result of the subject accident should be admitted. Defendant Locklear argues first that the evidence or testimony regarding the traffic citation is specifically disallowed under South Carolina law. Second, Defendant argues that such evidence should be excluded pursuant to Rule 403. In both instances Defendant's argument does not hold water.

First, evidence and testimony regarding a citation does not violate South Carolina law. Defendant contends that the evidence/and or testimony at issue specifically disallowed under South Carolina statute, citing S.C. Code § 56-5-6160 (stating, "[n]o evidence of *conviction* of any person for any violation of this chapter shall be admissible in any court in any civil action."). However, in Hill v. United States Trucking, 2007 U.S. Dist. LEXIS 39197, at 24 (D.S.C. May 30, 2007), the Court determined that an Officer's testimony regarding a citation did not violate S.C. Code § 56-5-6160. Specifically, the Court in Hill, noted that "the statute only forbids evidence of a 'conviction,'" and thereby allowed the Officer in that case to testify as to the citation he charged the defendant with. Id.. The Court went on to state "the legislature could have easily worded the statute to read 'no evidence of a *traffic citation* shall be admissible….'" Defendant Locklear like the defendant in Hill, "inserts words that the legislature did not see fit to include." Id. While Defendant Locklear's statement of law is correct, it does not apply to the facts here. The testimony and evidence that Plaintiff seeks to offer regarding the citation that was issued to Defendant Shaw is in accordance with South Carolina and thus should be admitted.

Second, evidence and testimony regarding the traffic citation issued to Defendant Shaw does not violate Rule 403's balancing test.  Specifically, the traffic citation is relevant to and probative of establishing punitive damages. Further, Defendant Locklear has already admitted

4

liability for the incident that is the subject of this matter. Any unfair prejudice, if any, resulting from evidence and testimony regarding a mere traffic citation would not "***substantially outweigh***" the probative value of such testimony in order to prove punitive damages.

Specifically, South Carolina recognizes punitive damages will be awarded "[in] instances where there is something more than simple negligence…there must be malice, ill will, a conscious indifference to the rights of others, or a reckless disregard thereof to justify an award of punitive damages." Cox v. Coleman, 200 S.E. 762 (S.C. 1939). The court assessed the proper test for punitive damages to be "that at the time of his act or omission to act the tortfeasor be conscious, or chargeable with consciousness, of his wrongdoing." Bryant v. Muskin Co., 873 F. 2d 714, 715 (4th Cir. 1989). In particular, South Carolina courts have recognized that "evidence of violation of a statute is sufficient to carry the issue of punitive damages to the jury and that violation of a statute may warrant the inference of reckless, wilful, and wanton conduct." Bethea v. Pedro Land, Inc., 350 S. E. 2d 392, 395 (S.C. Ct. App. 1986). The Supreme Court found that when there is evidence of a statutory violation, a jury question as to punitive damages is presented.

In this case, evidence of the traffic citation is relevant and probative of the Defendants consciousness of his reckless and willful wrongdoing. Defendant Locklear argues that this evidence would be cumulative as to accident causation and admittedly concedes liability for the incident. However, evidence and testimony related to the traffic citation will be admitted, properly, for the purpose of establishing punitive damages. In fact, the South Carolina Court of Appeals expressly noted in Bethea, that "evidence of a violation of a statute is sufficient to carry the issue of punitive damages to the jury…." 340 S.E. 2d 392, 395 (S.C. Ct. App. 1986). Here

the evidence to be admitted is probative requirements necessary to establish punitive damages in this case.

Further, the evidence should not be excluded under Rule 403. In Hill, holding evidence of a traffic citation was not in violation of South Carolina law, allowed a police officer to testify as to the defendant's traffic citation reasoning that "evidence of a citation tends to show that a police officer believed a particular driver disobeyed the motor vehicle laws. Evidence of conviction is much more prejudicial…." 2007 U.S. Dist. LEXIS 39197, at 24 (D.S.C. May 30, 2007). The Court went on to state that "[t]o the extent [the Officer's] testimony might lead to an inference by the jury that Defendant was convicted of violating the motor vehicle laws, such prejudice was sufficiently cured by the Court's immediate instruction just before jury deliberations." Id.

In this case, Plaintiff argument mirrors that of the Court in Hill. Specifically, Plaintiff a any evidence of Defendant Shaw's traffic violation does substantially outweigh the probative value of the evidence. Further, if Defendant Locklear is concerned about any improper inference, the Court, in its discretion, can issue a sufficient instruction to cure any such improper considerations. As such, Plaintiff requests that the Court deny Defendant's Motion to exclude testimony and evidence of the traffic citation issued to Defendant Shaw.

### III. Mr. Dolford's Medical Diagnosis and Prognosis and Future Damages Should Not Be Excluded

The Court should not exclude evidence, via testimony and/or other means, of future damages. Plaintiff disclosed his treating physicians as medical experts, pursuant to Rule 26 on May 16, 2014. These experts are not required to provide a report. See Fed. R. Civ. P. 26. These

are qualified experts who may give expert medical opinions based on facts or data in the case that the expert has been made aware of or personally observed, pursuant to FRE 703.

Under current South Carolina law, the standard of admissibility for evidence of future damages is "any evidence which tends to establish the nature, character, and extent of injuries which are the natural and proximate consequences of the defendant's acts ... if otherwise competent." Martin v. Mobley, 169 S.E.2d 278, 281-282 (1969). "The fact that future medical expenses might conceivably be small and are difficult to estimate would not deprive the plaintiff of the right to have the jury determine whether any award for future medical be made, and if so, what amount." Kelly v. Brazell, 172 S.E.2d 304, 306 (1970). In Kelly, the trial judge charged the jury any award could not be based on speculation and that damages must be proven by the preponderance of the evidence. This charge created a jury question as to whether the need for future treatment had been proven. Id.

Defendant argues that Plaintiff's treating medical personnel should not be allowed to offer expert opinion regarding Plaintiff's prognosis or future medical needs, citing Ingram v. ABC Supply Co., Inc. 2010 WL 233859 (D.S.C. Jan 14, 2010) (limiting testimony of medical providers prior treatment, and excluding testimony of future medical needs, because such witnesses were not disclosed as experts). In Ingram, the plaintiff never named the treating witnesses as expert witnesses, none of the mandatory disclosures required by Fed.R.Civ.P. 26(a)(2) were made.

However, Defendant cites case law interpreting Rule 26(a)(2) prior to the 2010 Amendments to Rule 26. The Federal Rules of Civil Procedure were amended in 2010 to create this rule specifically designed to require certain disclosure by so-called "hybrid" witnesses, or those witnesses who provide both fact testimony and opinion testimony based upon their

scientific, technical, or other specialized knowledge within the scope of the Federal Rules of Evidence. Specifically, Federal Rule of Civil Procedure 26(a)(2) was amended "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(b)." See Fed.R.Civ.P. 26(a)(2)(C) 2010 Amendments Committee Notes. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Id.

The relevant portion of the amended Rule 26(a)(2)(C)(2) states the following: In cases where a full report is not required, the disclosure need only state "(i) the subject matter on which the witness is expected to present evidence...; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C). Kristensen ex rel. Kristensen v. Spotnitz, No. 3:09–CV–00084, 2011 WL 5320686, at 1 (W.D.VA June 3, 2011).

As they are not typically "retained or specially employed to provide expert testimony," treating physicians are not ordinarily required to file Rule 26(a)(2)(B) expert reports. See Perkins v. United States, 626 F.Supp.2d 587, 590 (E.D.Va.2009). However, a party seeking to introduce treating physician testimony should generally comply with Rule 26(a)(2)(C). Kristensen ex rel. Kristensen v. Spotnitz, No. 3:09–CV–00084, 2011 WL 5320686, at 1 (W.D.VA June 3, 2011). In addition, courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have. See Fed.R.Civ.P. 26(a)(2)(C) 2010 Amendments Committee Notes.

In this case, Plaintiff disclosed all of the medical providers and treating as experts as a result of their status as treating physicians and other medical providers, pursuant to Rule 26. Furthermore, Plaintiff has on-going treatment with many of the physicians and medical providers disclosed. Plaintiff intends to introduce evidence from these providers as to the on-going

treatment, and future course of treatment. As such, Plaintiff disclosed the names of these witnesses and provided a summary of the facts and subject matter to which these witnesses will testify. Accordingly, the Court should not exclude this evidence or testimony.

                                   Respectfully Submitted,

                                   **ANASTOPOULO LAW FIRM, LLC**

BY   /s/ Roy T. Willey, IV
          Roy T. Willey
          Fed ID Number: 11664
          Eric M. Poulin
          Fed ID Number: 11251
          Anastopoulo Law Firm, LLC
          2557 Ashley Phosphate Road
          North Charleston, SC 29418
          (843) 614-8888

                                 **ATTORNEY FOR PLAINTIFF**

Charleston, South Carolina
Friday, December 19, 2014