UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Dolford, | ) | Civil Action No.: 4:14-cv-62-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Adrian Shaw, individually and as employee | ) | |
| agent of Willard Locklear Trucking, LLC; | ) | |
| Willard Locklear Trucking, LLC; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Curtis Dolford ("Plaintiff"), represented by counsel, filed this case in the Darlington County Court of Common Pleas in Darlington, South Carolina alleging personal injuries sustained in an automobile collision. Plaintiff named Adrian Shaw and Willard Locklear Trucking, LLC as defendants in the case. Defendant Willard Locklear Trucking, LLC removed the case to this Court on the basis of diversity jurisdiction, 28 U.SC. § 1332, on January 8, 2014. Willard Locklear Trucking, LLC filed an answer to the complaint on January 15, 2014. Defendant Adrian Shaw did not file an answer.

With the case set for trial in January 2015, and no proof of service filed for Defendant Adrian Shaw, on December 22, 2014, the Court issued a Text Order providing notice to Plaintiff that the case would be dismissed without prejudice as to Adrian Shaw pursuant to Rule 4(m) of the Federal Rules of Civil Procedure if, by January 1, 2015, Plaintiff did not file proof of service, or show good cause why Mr. Shaw had not been served within the time prescribed by Rule 4(m), Fed. R. Civ. P. *See* [Docket Entry #31]. To date, Plaintiff has not filed a proof of service or any response or reply to the Court's Text Order #31.

The Federal Rules of Civil Procedure require that a defendant be served with a summons and a copy of the complaint within 120 days after the complaint is filed, or for removal cases, within 120 days from the date of removal.  Fed. R. Civ. P. 4(m); *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).  A plaintiff may escape dismissal for failure to timely serve process only if he demonstrates "good cause" for the delay.  Fed. R. Civ. P. 4(m).  To show "good cause," a plaintiff must demonstrate that he made "'reasonable, diligent' efforts to effect service on the defendant." *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D.W.Va.1996).  Courts typically find good cause to extend the Rule 4(m) time limit where "'external factors . . . stifle a plaintiff's due diligence' in effecting service." *McCollum v. Genco Infrasructure Solutions*, No. 3:10-cv-210, 2010 WL 5100495, *2 (E.D. Va. Dec. 7, 2010) (quoting *T & S Rentals*, 164 F.R.D. at 425). Typically, good cause is found to exist when some outside factor, rather than inadvertence or negligence, prevented service. *Clyburn v. Champagne*, No. 6:10-1925-TMC, 2012 WL 4478971, *5 (D.S.C. Sept. 28, 2012); *see also* 4B Charles Alan Wright & Alan R. Miller, *Federal Practice and Procedure: Civil* § 1137 (3d ed. 2002) (observing that "good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server").  "Counsel's negligent failure to perfect service does not support a showing of good cause." *Id.* (citing *McCollum*, 2010 WL 5100495, at *2).

However, "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service." *See Giacomo–Tano v. Levine*, 199 F.3d 1327, *1 (4th Cir. 1999) (Table) (citations omitted).  If a plaintiff requests an extension of time after the expiration of the 120 day limitation period, he must also show that he "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  "Excusable neglect is not easily demonstrated." *Martinez v. United States*,

2

578 Fed. App'x 192, 194 (4th Cir. 2014) (quoting *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (internal quotation marks omitted). The Fourth Circuit "ha[s] held that 'a party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect.'" *Id.* (quoting *Robinson v. Wix Filtration Corp.*, LLC, 599 F.3d 403, 413 (4th Cir. 2010))**.**

Plaintiff failed to make a showing of good cause or excusable neglect and Plaintiff has offered no explanation or reason as to why he failed to serve Defendant Shaw with a copy of the Summons and Complaint. Therefore, Defendant Adrian Shaw is dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendant Adrian Shaw is DISMISSED without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


January 6, 2015                                    s/ R. Bryan Harwell
Florence, South Carolina                           R. Bryan Harwell
                                                   United States District Judge

3